<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4550**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

LEE SMITH, a/k/a Lee Ernest Smith,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00387-CCE-1)

Submitted: April 30, 2014     Decided: May 8, 2014

Before GREGORY, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Theresa A. Kennedy, LAW OFFICES OF THERESA A. KENNEDY, LLC, Washington, New Jersey, for Appellant. Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Smith pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and received a 180-month sentence of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether Smith's guilty plea was knowing and voluntary and whether the district court imposed a reasonable sentence. Smith filed a pro se supplemental brief also challenging his guilty plea and the reasonableness of his sentence. Finding no error, we affirm.

Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20. Because Smith did not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, this Court reviews his

2

plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (discussing plain error standard).

Our review of the record indicates that the district court strictly complied with Rule 11 in accepting Smith's plea. Accordingly, we conclude that Smith's plea was knowing and voluntary and was supported by an adequate factual basis, and, consequently, that the plea was final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The Court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to explain adequately the selected sentence. Id. The district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering

the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this Court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

In imposing Smith's sentence, the district court correctly calculated the Guidelines range and specifically considered both the advisory nature of the Guidelines and the § 3553(a) factors. Accordingly, we conclude that Smith's 180-month sentence, which was the statutory minimum sentence, is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record and the issues Smith raised in his supplemental brief and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This Court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

4